Tito David **VALDEZ,** Jr.,
Plaintiff–Appellant,

v.

Jeanne **WOODFORD;** et al.,
Defendants–Appellees,

and

**W.J. Hill;** et al., Defendants.

No. 07–16268.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

Tito David Valdez, Jr., Soledad, CA, pro se.

Jennifer J. Nygaard, California Department of Justice, San Francisco, CA, for Defendants.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

California state prisoner Tito David Valdez, Jr. appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with restrictions on his right to visit with children due to his sex-offender convictions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment on Valdez's Equal Protection claim because the prior regulation limiting him to non-contact visits with minors was reasonably related to the legitimate penological interest of protecting minor visitors. *See Overton v. Bazzetta*, 539 U.S. 126, 133, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003) (concluding that the protection of the public, including minor visitors, is a legitimate penological interest); *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (explaining factors to guide the determination of whether a prison regulation is reasonably related to a legitimate penological interest).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Valdez's due process claim pursuant to 28 U.S.C. § 1915A because neither federal nor state law has created a protected interest in visitation. *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir.1994) (per curiam) (holding that prisoners have no constitutional right to contact visitation); 15 Cal.Code Reg. §§ 3170, 3176.4 (providing discretion to prison officials in restricting visitation).

Valdez's remaining contentions are unpersuasive.

**AFFIRMED.**